RAFAEL MARTÍNEZ GUZMÁN, Plaintiff and Appellant, *v.* JOSÉ ÁLVAREZ BRUNET, MAYOR OF THE MUNICIPALITY OF CATAÑO, Defendant and Appellee.

No. R-70-2.      Decided December 4, 1970.

*Luz de Borinquen Dávila, Rita A. Martínez Colón,* and *Luis Muñoz Rivera* for appellant. *Tomás Sandoval Cruz* for appellee.

PER CURIAM: On January 16, 1957, petitioner, Rafael Martínez Guzmán, after being sworn in, began to discharge

the position of Recreation Leader and Director of Civil Defense in the Municipality of Cataño.

Pursuant to Ordinance No. 3 of July 28, 1958, which governs the administration of personnel in the Municipality of Cataño, the position of Recreation Leader and Director of Civil Defense was placed within the Municipality's Classified Service. Pursuant to said Ordinance and to the Personnel Act, as of said year 1959, an amount from petitioner's salary was deducted for the Retirement System when the Municipality joined the merit system of the Personnel Act of Puerto Rico.[1]

By Ordinance No. 8 of April 17, 1964, the Municipality of Cataño established a remuneration plan for the Classified Service and included in the same the position of Director of Civil Defense and Recreation Leader with a scale in salary of $180 to $264 monthly. Relying on the Act and on the Ordinance, on July 1, 1965, a permanent appointment was extended to petitioner with a salary of $216 monthly and the duties of Property Supervisor were added.

Petitioner discharged fully the duties which were assigned to him. As Supervisor of Property he kept a file of the not fungible property of the Municipality and submitted a monthly report to the Treasury Department about the acquisition by the Municipality of this kind of property. As Director of Civil Defense he discharged his duties in cases of fire, flood or any other disaster and discharged the liaison's functions with other governmental organisms such as Public Welfare, Police, U.R.H.C., Firemen Service, and also with the Red Cross. In order to be ready for such functions he took courses

---

[1] Recognizing the desirability of extending the merit system to public service in the municipal governments and in public corporations, the Legislature, by Act No. 2 of April 22, 1959, authorized the municipalities and the public corporations to include their personnel in the Employees Retirement System of the Government of Puerto Rico after certain administrative transactions. 3 L.P.R.A. § 782; *Soto* v. *Mayor, Municipality of Bayamón, ante,* p. 404, decided (On Reconsideration) on November 17, 1970.

and seminars about civil defense, administration of shelters, medical aid, operation of radio instruments and others.

On January 13, 1969, when a new Mayor was installed in office, he removed petitioner without any apparent reason, without preferring charges, and without holding a hearing.

In view of this situation petitioner resorted to the courts of justice requesting them to order his reinstatement in office and to be paid the salaries which he did not earn since he was removed. The trial court on November 21, 1969, entered judgment in open court denying petitioner's request. Before us the petitioner assigns that said court committed an error in maintaining the validity of his removal. Defendant, in his briefs presented on January 29 and March 2, 1970, maintains that petitioner was not a municipal employee but an officer, and that therefore "Section 93 of the [Municipal] Law is not applicable to him." Defendant understands that said section is applicable to municipal employees but not to officers. On February 11, 1970, we decided to review the aforecited judgment of the trial court.

We do not agree with defendant. Petitioner was fired on January 13, 1969, and already at that time the text in force of § 93 of the Municipal Law, as amended by Act No. 99 of June 22, 1966 (21 L.P.R.A. § 1553, Supp.) which protects municipal employees as well as officers from removal without just cause, without preferment of charges, and without a previous hearing, had become effective. Insofar as pertinent, said § 93 of the Municipal Law provides as follows:

". . . Municipal officers and employees may be removed by the Mayor, for good cause, upon preferment of charges and a hearing with ten (10) days' notice. Said hearing shall be held before the committee of the corresponding municipality and thereat the aggrieved officer or employee may defend himself from said charges and may be represented by counsel."

From the foregoing it appears clearly that the Mayor could not remove petitioner in the manner in which he did.

A permanent employee or officer, who has properly discharged his functions and who has paid his dues to the Retirement Fund for more than ten years cannot be dismissed from employment like that. For a detailed discussion of the juridical principles and the principles of a sound public administration which informs the Municipal Law and our constant case law about the matter, see *Soto* v. *Mayor, Municipality of Bayamón; ante,* p. 404, decided (On Reconsideration) on November 17, 1970, and authorities cited therein.

In view of the foregoing, the judgment of the trial court rendered in this case in open court on November 21, 1969, will be reversed and another rendered sustaining the complaint and ordering defendant to reinstate petitioner in the position of Director of the Local Civil Defense and Supervisor of the Municipal Property, which he had been occupying until the moment of his removal, and to pay him the salaries which he did not earn as of the date of his suspension.

Mr. Chief Justice Negrón Fernández, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra did not participate herein.